IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MAURICIO CALQUIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09cv543 (AJT/IDD) |
| | ) | |
| DOODYCALLS FAIRFAX VA LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below and in open court, the motion is granted.

### I. BACKGROUND

On May 14, 2009, Calquin filed a civil action against Doodycalls Fairfax VA LLC ("Doodycalls"), and its owner and manager, Jacob D'Aniello ("D'Aniello") (along with Doodycalls, the "Defendants"). Compl. at ¶ 2. In his Complaint, Calquin asserts two counts: (1) that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay Calquin proper overtime for hours worked over forty hours a week; and (2) that Defendants terminated Calquin without providing prior reasonable notice.

The Complaint alleges that from December 2007 until January 2009, Doodycalls, a waste removal services company, employed Plaintiff Mauricio Calquin ("Calquin") as an hourly employee. Compl. at ¶¶ 4-6. On January 12, 2009, Doodycalls terminated Calquin and directed him to leave the premises. *Id.* at ¶ 16. Calquin did not work, and was not paid for, any time after January 12, 2009. *Id.* at ¶ 17.

On August 27, 2009, Defendants filed a Partial Motion to Dismiss, arguing that the second Count of Calquin's Complaint, "Termination Without Adequate Notice," should be dismissed for failure to state a claim upon which relief may be granted. On September 3, 2009, Calquin filed an opposition to Defendants' motion. In the alternative, Calquin requests that if Count II was improperly pled, the Court grant him leave to amend his Complaint.

The narrow issue before the court is whether, under Virginia law, the requirement of "reasonable notice" of termination requires an employer to provide advance notice of termination to an at-will employee. For the reasons set forth below and for the reasons stated in open court, this Court holds that it does not.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and does not resolve contests surrounding the facts or merits of a claim. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1994). A claim should be dismissed "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *see also Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). In considering a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*; *see also Bd. of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 475 (E.D. Va. 2007). In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Nevertheless, while Rule 8 does not require "detailed factual allegations," a plaintiff must still

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the complaint

"must be enough to raise a right to relief above the speculative level" to one that is "plausible on

its face"); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do"); *see also*

*Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

### III. ANALYSIS

The issue to be resolved by this Court is the meaning of "reasonable notice" as it applies

to the termination of an at-will employee in Virginia. Defendants argue that the "reasonable

notice" requirement of at-will employment refers to the manner and nature of the notice of

termination, and not to an amount of time that must be given as advance notice. Calquin argues

that Virginia law requires an employer to provide an at-will employee with advance notice of

termination, and therefore dismissal of his claim based on lack of advance notice is

inappropriate.

The Supreme Court of Virginia has not addressed the issue of whether the "reasonable

notice" requirement requires an employer to provide advance notice of termination. This Court's

obligation, therefore, is to predict as best it can how this case would be decided under Virginia

law by a Virginia court. *See Private Mortgage Investment Servs., Inc. v. Hotel and Club Assocs.,*

*Inc.*, 296 F.3d 308, 312 (4th Cir. 2002).

In Virginia, unless an employee identifies a statute, custom, or contract fixing the

duration of employment, the employment is presumed to be terminable "at-will." *Perry v. Am.*

*Home Prods. Corp.*, No. 3:96-cv-595, 1997 WL 109658, *2 (E.D. Va. Mar. 4, 1997). Virginia

courts have "strenuously adhered to the presumption of at-will employment." *Nguyen v. CAN Corp.*, 44 F.3d 234, 237 (4th Cir. 1997). Under Virginia law, an at-will employee can "be terminated by the employer or employee for any reason *upon reasonable notice.*" *County of Giles v. Wines*, 262 Va. 68, 72, 546 S.E. 2d 721, 723 (2001) (emphasis added); *see also Stonega Coal Co. v. Louisville & Nashville R.R. Co.*, 106 Va. 223, 226, 55 S.E. 551, 552 (1906) ("[W]hen a contract calls for the rendition of services, if it is so far incomplete as that the period of its intended duration cannot be determined . . . either party is ordinarily at liberty to terminate it at will on giving reasonable notice of his intention to do so").

Relying on *Wells v. G.R. Associates, Inc.*, Case No. Civ. A. 00-1408-A, 2000 WL 33199263 (E.D. Va. Nov. 22, 2000), Calquin argues that an employer is required to provide reasonable advance notice to employees prior to termination.[1] In *Wells*, the court found that the plaintiff's complaint should survive a motion to dismiss because it alleged that the employer had provided no advance notice of the termination. *Id.* at *7. The court held that the amount of reasonable advance notice that an employer must provide is a fact question for the jury. *Id.*

Defendants cite case law that stands for the opposite proposition that the "reasonable notice" requirement refers to the manner of notice, and not the timing of it. *Jafari v. Old Dominion Transit Mgmt. Co.*, No. 3:08-cv-629, 2008 WL 5102010 (E.D. Va. Nov. 28, 2008). Requiring advance notice of termination in an at-will employment relationship would, as noted by the court in *Perry*, "eviscerate the at-will doctrine itself." *Perry*, 1997 WL 109658 at *9.

---

[1] Counsel for Calquin highlighted two additional decisions at the hearing on Defendants' Partial Motion to Dismiss on September 11, 2009. First, he relied on the unpublished decision, *Layton v. MMM Design Group*, 32 Fed. Appx. 677, 2002 WL 488285 (4th Cir. 2002), where, in a footnote, the court notes that plaintiff did not bring a claim for lack of reasonable notice, "which is required under Virginia law." *Id.* at 681. The decision does not contain a discussion or analysis of the meaning of "reasonable notice." Calquin also cited *Sydnor Pump & Well Co. v. Taylor*, 110 S.E. 2d 525, 201 Va. 311 (1959). While that case hinged on the meaning of the word "reasonable," it was not in the employment context. Rather, *Sydnor* involved interpretation of a state statute pertaining to water and sewage systems. Despite its relevance to waste management, that case is inapposite here.

4

In *Jafari*, the Eastern District of Virginia dismissed the plaintiff's breach of implied contract claims, explaining, "Plaintiff cannot pursue, under an implied contract theory, a claim based on lack of 'reasonable notice' because he was terminated . . . without notice of the impending discharge prior to that meeting." *Id.* at *8, n.15.  While acknowledging a Virginia Circuit Court's conflicting decision in *Laudenslager v. Loral*, 39 Va. Cir. 228 (Va. Cir. Ct. 1996), which held that failure to provide prior notice of termination gave rise to a wrongful discharge claim under an implied contract theory, the court nonetheless found that Virginia does not require advance notice of termination.  The court explained that because the employer notified the plaintiff that he was terminated, even though the notice was given at the time of termination, "the reasonable notice requirement has been met." *Id.*  Reasonable notice has "nothing to do with a time period before the termination becomes effective," but rather, "has everything to do with the nature of the notice," which "must reasonably notify the at will employee that he is terminated as of a certain date and time." *Id.* (internal citations omitted). Thus, according to the court in *Jafari*, the reasonable notice requirement governs only the content of the notice and does not impose a requirement of advance notice.

Similarly, the Circuit Court of Loudon County has held that there is no independent cause of action for failure to give reasonable advance notice of termination to an at-will employee. *Brehm v. Mathis*, 59 Va. Cir. 31, 2002 WL 85173, at *2 (Va. Cir. Ct. Mar. 13, 2002).  "Adding a required period of time that is reasonable between notice of termination and actual termination undermines the indefinite duration element of an at will employment." *Id.* at *2.  In explaining earlier state court decisions that reached the opposite conclusion, the *Brehm* court stated, "[w]ith all due respect, I think [these cases] rest upon taking a few words out of the definition of at will employment and using them to create a cause of action that is inconsistent with the very nature

5

of employment-at-will.  Such an alteration of the doctrine is best left to the Virginia legislature or Supreme court."  *Id.* at *3.

This Court agrees with the reasoning of *Jafari* and *Brehm*.  While this Court acknowledges there are competing interpretations of "reasonable notice," this Court resolves the conflict in favor of a finding that there is no advance notice requirement for a termination of an at-will employee.  This Court therefore holds that, under Virginia law, "reasonable notice" requires that the manner and quality of the notice of termination must effectively communicate the fact of the termination to the at-will employee, but that it does not impose a requirement that the employer provide advance notice of the termination.  A contrary finding would impose restrictions on at-will employment that contradict the very nature of the at-will doctrine.  *See, e.g., Carlson v. Arnot-Ogden Memorial Hosp.*, 918 F.2d 411, 414 (3d Cir. 1990) ("[A] notice provision is antithetical to the very definition of employment at-will").

The Complaint's allegation that Defendants terminated Calquin and directed him to leave the premises in effect alleges that Defendants met their "reasonable notice" obligation of notifying Calquin that he was terminated.  Compl. at ¶ 4; *Jafari*, 2008 WL 5102010, at *8, n.15 ("Since the Termination Letter apparently notified Plaintiff that he was terminated as of the time of the Discharge Meeting, the reasonable notice requirement has been met").  Therefore, Calquin has not pled a cause of action for termination without reasonable notice.

Calquin requests that, "if Count II is in any way improperly pleaded to allow Plaintiff to amend his Complaint."  Mem. in Opp. at 1.  Based on the Complaint and Calquin's opposition to Defendants' Partial Motion to Dismiss, this Court does not understand Calquin to claim that his termination was wrongful because the fact of the termination was not effectively communicated to him, but rather that he was not offered sufficient advance notice of when his termination

6

became effective.  For this reason, it would serve no purpose to allow Calquin leave to amend his

Complaint and therefore Calquin's request for leave to amend his Complaint is denied.

## IV. CONCLUSION

For these reasons and the reasons stated in open court, Defendants' Partial Motion to

Dismiss is granted and Count II of Plaintiff's Complaint  is dismissed.

An appropriate Order will issue.

_____/s/_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
September *11*, 2009